```
           IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                   CENTRAL DIVISION
_____
                                      )
ROBERT ROMERO,                        )
                                      )
          Plaintiff,                  )   Case No. 2:08-CV-267 TC
                                      )
     v.                               )   District Judge Tena Campbell
                                      )
PAUL MCGERRY et al.,                  )   ORDER
                                      )   &
          Defendants.                 )   MEMORANDUM DECISION
                                      )
                                      )
_____
```

Plaintiff, inmate Robert Romero, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2009). Plaintiff proceeds *in forma pauperis*. *See* 28 U.S.C § 1915. The Court's initial screening reveals that Plaintiff's Complaint is deficient as described below. *See id.* § 1915A. Plaintiff must cure these deficiencies to further pursue his claims.

### Deficiencies in Complaint:

(a)  Does not allege specific allegations against each defendant.

(b)  Names in caption do not match names in text--i.e., Paul McGerry, Linda Peterson, Fred Harris, and Lt. Larsen are the defendants named in the complaint caption, while Alfred Bigelow, Linda Peterson, Fred Harris, and Heidi Johnson are named in the complaint text.

(c)  Claims appear to be based on conditions of current confinement; however, the complaint was not submitted through contract attorneys.

### Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a

complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v.*

*Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).  Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).  Fourth, if Plaintiff's claims regard conditions of Plaintiff's current confinement Plaintiff should get help from prison contract attorneys to prepare initial pleadings.  And, finally, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying court filing fees.

**Other Matters**

**1.   Motion for Appointed Counsel**

The Court now considers Plaintiff's motion for appointed counsel.  Plaintiff has no constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the Court may in its discretion appoint counsel for indigent inmates. *See* 28 U.S.C.S. § 1915(e)(1) (2009); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Petitioner has the burden of convincing the court that his claims have enough worth "to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

To decide whether to appoint counsel, this Court weighs many factors, such as "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  Considering the above factors, the Court concludes here that, on initial review, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too

incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## 2.   Filing Fee Payments

When his *in forma pauperis* application was granted, Plaintiff agreed to make monthly payments toward his filing fee. Without explanation, his payments stopped on January 30, 2009. To continue pursuing this case, Plaintiff must show good cause why he is unable to continue making payments.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**:

(1) Plaintiff must **within thirty days** cure the deficiencies in his complaint as noted above.

(2) **If Plaintiff fails to timely cure** his complaint's deficiencies according to this Order's instructions, **this action will be dismissed without further notice**.

(3) Plaintiff's motion for appointed counsel is **DENIED**, (*see* File Entry # 15); however, if it later appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf.

(4) Plaintiff must, **within thirty days**, show good cause why he should not continue to make monthly payments toward his court

filing fee.

    (5) The Clerk's Office shall mail Plaintiff a copy of the court's Pro Se Litigant Guide.

    DATED this 20th day of August, 2009.

    BY THE COURT:

_____
CHIEF JUDGE TENA CAMPBELL
United States District Court